IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

THOMAS MECHAM RICKS,

           Debtor.

Bk. Case No. 13-00264-TLM

THOMAS MECHAM RICKS,

           Appellant,

vs.

RANDAL J. FRENCH, P.C.;
MCHUGH BROMLEY, PLLC; and
JOHN WOOD,

           Appellees-Respondents.

**MEMORANDUM DECISION
AND ORDER**

Case No.  1:15-cv-00504-EJL

     Pending before the Court in the above-entitled matter is Appellant/Debtor Thomas M. Ricks' appeal of Chief Bankruptcy Judge Terry L. Myers' Orders involuntarily converting the case to a Chapter 7 bankruptcy and denying Ricks' Motion for Reconsideration.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## PROCEDURAL AND FACTUAL BACKGROUND

Ricks filed a Chapter 11 bankruptcy petition on February 19, 2013. Excerpt of Record (ER), Tab 1, Dkt. 9. On December 17, 2014 the United States Trustee sought to dismiss the petition. ER, Tab 5. A stipulated Order was entered on February 5, 2015, that provided Ricks additional time to seek confirmation of a Chapter 11 plan until September 25, 2015 or the case would be dismissed. ER, Tab 7.  The stipulated Order also provided the agreement of the parties and 'this order do not prejudice the parties' rights to raise the issues asserted in the United States Trustee's Motion to Dismiss or Convert in any subsequent motion to dismiss or convert, or any other motion or proceeding." *Id.*

Judge Myers denied Ricks plan on August 18, 2015. ER, Tab 39, Dkt. 11. On September 2 and 3, 2015, two administrative creditors, Randal J. French, P.C. and McHugh Bromley PLLC filed motions to convert Ricks' case to a Chapter 7. The Bankruptcy Court held an evidentiary hearing on the motion. Ricks maintained pursuant to 11 U.S.C. § 1112(c) the Court could not involuntarily convert the case as Ricks is a "farmer." Ricks testified at the hearing that his income was inaccurately reflected on his personal and business tax returns, but that he farmed the crops grown on the Grandview, Idaho property and he also operated the cattle operation of Ricks Ranches, Inc. (RRI) and therefore, 80% of his income came from farming operations as defined by 11 U.S.C. § 101 (21) as he is the sole shareholder of RRI, a subchapter S corporation.

On September 25, 2015, the Bankruptcy Court rejected Ricks' argument based on the tax records and other documents filed in the case and found Ricks had not carried his

burden to establish via credible evidence that he met the definition of a "farmer" set out in 11 U.S.C. § 101(20). ER, Tab 18. The Bankruptcy Court also granted the motions for conversion to Chapter 7. *Id.*

Ricks filed amended personal and business tax returns for 2012 *after* the evidentiary hearing and *after* the Court's ruling on the motion to convert. Ricks then moved for reconsideration of the Court's order converting the case based on amended tax returns claiming they were newly discovered evidence. The Bankruptcy Court denied the motion finding the amended tax returns were not "newly discovered evidence" but "newly manufactured evidence." ER, Tabs 23 (Memorandum of Decision) and 24 (Order). Ricks filed his appeal of the Order converting the case and the Order denying his motion for reconsideration.

## JURISDICTION

This Court has jurisdiction over "final judgments, orders, and decrees" of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1).

## ISSUES ON APPEAL

1. Did the Bankruptcy Court err in failing to dismiss the case pursuant to the stipulated Order of February 5, 2015?

2. Did the Bankruptcy Court err in finding Debtor did not meet the definition of a "farmer" and involuntarily converting the Chapter 11 petition to a Chapter 7 case?

3. Did the Bankruptcy Court err in denying the motion for reconsideration?

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's order converting the case to Chapter 7 for an abuse of discretion. *See Pioneer Liquidating Corp. v. U.S. Trustee (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 807 (8th Cir. 2001), *Johnston v. JEM Dev't Co. (In re Johnston)*, 149 B.R. 158, 160 (9th Cir. BAP 1992). Under *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009), this Court applies a two-part, objective test to determine if the Bankruptcy Court abused its discretion. First, the court reviews de novo whether the Bankruptcy Court identified the correct legal rule to apply the relief requested. *Id.* at 1261-63. Second, this Court reviews the Bankruptcy Court's findings, and its application of those findings, to determine the application of the correct legal standard was "(1) 'illogical,' (2) 'implausible.' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* at 1262 (citation omitted).

The standard of review for a motion for reconsideration is also the abuse of discretion standard. *See Tracht Gut, LLC v. Cnty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 503 B.R. 804, 809 (9th Cir. BAP 2014).

## ANALYSIS

**1. Did the Bankruptcy Court err in failing to dismiss the case pursuant to the stipulated Order of February 5, 2015?**

No. Debtor reads the February 5, 2015 Order too restrictively. The stipulation of certain parties regarding an extension of the date for a plan's confirmation did not expressly or impliedly limit or restrict the rights of other creditors to seek a different remedy from the Bankruptcy Court under the applicable Bankruptcy statutes and rules. In this case, administrative creditors sought to have the case converted and the Bankruptcy Court held an evidentiary hearing and evaluated which alternative, dismissal or conversion, was in the best interests of all the creditors in the bankruptcy estate. The Bankruptcy Court did not abuse its discretion in proceeding on ruling on the two creditors' motion to convert as Judge Myers correctly applied the law while also giving consideration to prior orders entered by the Bankruptcy court.

**2. Did the Bankruptcy Court err in finding Debtor did not meet the definition of a "farmer" and involuntarily converting the Chapter 11 petition to a Chapter 7 case?**

No. Debtor's main argument is that he is a "farmer" protected from an involuntary conversion to a Chapter 7 bankruptcy pursuant to 11 U.S.C. § 1112(c).  The Bankruptcy Court set forth the proper 80% gross income test for determining if a debtor is a "farmer" pursuant to 11 U.S.C. § 101(20). The Court weighed the testimony and exhibits admitted at

the evidentiary hearing along with the bankruptcy records for debtor over the past seven years. The Court did not find Ricks' testimony credible when he tried to explain his 2012 tax returns. The 2012 tax returns clearly set forth that Ricks' income is passive income that flows through from his two corporations RRI and Spur Development, Inc. While it is true Ricks is the sole owner of RRI, income from a corporation does not make the shareholder the owner or operator of the farm operations. Stated another way, § 101(20) requires "that the farming operation be owned or operated *by the person* claiming to be the farmer." *In Re Gilbert*, 2012 WL 1297867 (Bkrtcy. N.D. Georgia, March 12, 2012).The 2012 tax returns for RRI establishes the farming operation was owned by RRI, not Ricks.

    Ricks now argues on appeal that this Court should consider that since he was the sole shareholder of RRI, he both "owned and operated" the farming operation so he was a farmer under the statute. The Court rejects this argument. Ricks intentionally filed the 2012 tax returns for himself and RRI. He has an accounting degree and is not a novice in Bankruptcy Court. Moreover, he was represented by counsel during much of the time his bankruptcy matters were pending. He created the entity, RRI, and Ricks ran the farming operations through RRI's books and since RRI was not the party filing for Chapter 11 protection, the Court is forced to look a the personal tax returns Ricks filed to determine if 80% of his gross income was from farming.

    Nothing on Ricks' personal tax returns shows his income was from farming. Moreover, the Bankruptcy Court found Ricks' testimony not to be credible based on the totality of the record before the court. More than just the tax returns leads a fact finder to

this conclusion. There were also the security interests granted by RRI in the farming assets and numerous inconsistent statements made by Ricks on bankruptcy filings made under oath. Moreover, Judge Myers found that Ricks abused the bankruptcy system when Ricks filed multiple bankruptcy petitions over the years to prevent foreclosure by the bank.

The Bankruptcy Court applied the correct legal standard and its findings of fact applied to the legal standard do not establish (1) illogical, (2) implausible or (3) inferences lacking support that were drawn from the facts in the record. *Hinkson* at 1262. The Bankruptcy Court did not abuse its discretion in determining Ricks was not a farmer.

Having found debtor was not a "farmer," the Bankruptcy Court then applied 11 U.S.C. § 1112 in determining whether conversion was allowed and was in the best interest of the creditors. The Court set forth its analysis why a dismissal (with a bar on filing for bankruptcy for a period of time) was not warranted based on the breached agreements by Ricks, the length of time the creditors had been unpaid and the fact a dismissal would cause more expense, delay and risk to the creditors of the estate. These are not illogical, implausible or unsubstantiated inferences from the facts presented. For these reasons, this Court finds the Bankruptcy Court did not abuse its discretion is determining conversion was the proper course of action in this bankruptcy proceeding.

**3. Did the Bankruptcy Court err in denying the motion for reconsideration?**

No. It is undisputed that Ricks filed amended 2012 tax returns for himself and RRI in October of 2015 *after* the Court's ruling on the conversion of the case to Chapter 7.

Judge Myers found Ricks' hearing testimony not to be credible in his ruling on the motion to convert the bankruptcy to Chapter 7. The filing of the amended tax returns appears to have been meant to corroborate Ricks' testimony at the evidentiary hearing that his personal income was from farming.

Ricks Motion for Reconsideration relies on Bankruptcy Rule 9023 which applies Fed. R. Civ. P. 59(e).  The Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e).  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984).  Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).   The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:   (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  *See also, Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)(citation omitted).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). The Bankruptcy Court cited the correct standard legal standard for granting a motion for reconsideration when it cited *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH &Co*,

571 F.3d 873, 880 (9th Cir. 2009) and In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bank. C.D. Cal 2003).

In this case, Judge Myers cited to binding Ninth Circuit law that "evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. United States*, 638 F.2d 119, 121-122 (9th Cir. 1981). Based on this Ninth Circuit law, Judge Myers found that the amended 2012 tax returns were not newly discovered evidence nor previously unavailable evidence that the Bankruptcy Court could consider. The decision not to consider the amended returns is not an abuse of discretion.

Additionally, consideration of the amended tax returns does not fall under the "manifest error of fact " exception based on the entire record considered by Judge Myers on the motion to convert the petition. Instead, the submission of the amended returns was an improper attempt to reargue matters already disposed of by the Bankruptcy Court. Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge. *Illinois Central Gulf Railroad Company v. Tabor Grain Company*, 488 F. Supp. 110, 122 (N.D. Ill. 1980) (a rehash of the arguments previously presented affords no basis for a revision of the court's order).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. *Davis v.*

*Lukhard*, 106 F.R.D. 317, 318 (E.D. Va. 1984). *See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").

For these reasons, Appellant has failed to establish the denial of the motion for reconsideration was an abuse of discretion based on an incorrect legal standard or a misapplication of the facts to the law. Judge Myers' Order on the motion for reconsideration was not illogical, implausible or based on unsupported inference. The Memorandum of Decision and Order were a proper application of the correct law to an improper attempt by Ricks to claim the amended tax returns were newly discovered evidence.

## ORDER

**IT IS ORDERED:**

All grounds for appeal are **DENIED** and the Bankruptcy Court's Orders at issue in this appeal are **AFFIRMED**. Costs and attorneys fees on appeal are awarded to Appellees pursuant to Idaho Code §§ 12-120.

Dated: **September 29, 2016**

Honorable Edward J. Lodge
United States District Judge